1

2

3

4

5

6                                      UNITED STATES DISTRICT COURT
                                     WESTERN DISTRICT OF WASHINGTON
7                                                  AT SEATTLE

8    JASON MARK HART,

9                              Plaintiff,                CASE NO. 2:20-cv-01464-RSM-BAT

10          v.                                           **ORDER DENYING "MOTION FOR
                                                         SUBMISSION OF EVIDENCE",
11   KARIE RAINER, et al.,                               "MOTION OF SUBMISSION OF
                                                         EVIDENCE AS A PART OF
12                             Defendant.                 DISCOVERY", AND "MOTION
                                                         FOR PRODUCTION OF
13                                                       DISCOVERY" AND GRANTING
                                                         MOTION TO EXTEND PRETRIAL
14                                                       DEADLINES**

15          Plaintiff, Jason Mark Hart, proceeds pro se in this 42 U.S.C. 1983 civil rights action.

16   Plaintiff has filed a "Motion for Submission of Evidence", (Dkt. 20) "Motion of Submission of

17   Evidence as a Part of Discovery", (Dkt. 22) "Motion for Production of Discovery" (Dkt. 21) and

18   "Motion for Enlargement of Time of Dispositive Motions and Discovery" (Dkt. 25). For the

19   reasons below, plaintiff's Motion for Submission of Evidence", (Dkt. 20) "Motion of Submission

20   of Evidence as a Part of Discovery", (Dkt. 22) and "Motion for Production of Discovery" (Dkt.

21   21) are DENIED and plaintiff's "Motion for Enlargement of Time of Dispositive Motions and

22   Discovery" (Dkt. 25) is GRANTED.

23   ORDER DENYING "MOTION FOR
     SUBMISSION OF EVIDENCE", "MOTION
     OF SUBMISSION OF EVIDENCE AS A
     PART OF DISCOVERY", AND "MOTION
     FOR PRODUCTION OF DISCOVERY" AND
     GRANTING MOTION TO EXTEND
     PRETRIAL DEADLINES - 1

**DISCUSSION**

Plaintiff's "Motion for Submission of Evidence" (Dkt. 20) seeks to "submit evidence against" certain defendants. Plaintiff attaches numerous exhibits that appear to include medical records and grievance records. Plaintiff's "Motion for Production of Discovery" (Dkt. 21) appears to ask for various records as a part of discovery. Plaintiff's "Motion of Submission of Evidence as a Part of Discovery" (Dkt. 22) indicates that plaintiff is submitting "22 pages of evidence" and asks that "defense submit matching evidence to corroborate, validate, and authenticate as part of discovery process and hereby request that defense meet all discovery requests or face a rule 37(e) (c) (2) (?) default judgment."

Defendants oppose plaintiff's requests noting that filing discovery requests with the Court is improper. Dkts. 23, 24. Defendants also note that plaintiff's "Motion for Production of Discovery" includes a list of nine Requests for Production similar to plaintiff's first set of Requests for Production of Documents which have been served on defendants. *Id.* Defense counsel indicates she is in the process of collecting and reviewing potentially responsive documents and drafting objections and responses to those requests. *Id.* Defendants also point out that plaintiff did not comply with the meet and confer requirements of Fed. Rule Civ. Pro. 26 and 37 or Local Rules 26 and 37 prior to filing his discovery motion. *Id.*

Pursuant to Local Civil Rule (LCR) 5(d): "Rule 26 initial disclosures and discovery requests and responses ***must not be filed*** unless they are used in the proceedings or the court orders filing." LCR 5(d) (emphasis added). Accordingly, to the extent plaintiff seeks to submit discovery materials to the Court such a request is improper. Likewise, to the extent plaintiff seeks to simply submit "evidence" to the Court this request is also not appropriate as plaintiff has

not submitted that evidence in support of any specific request for relief or to oppose any specific request for relief from defendants. Moreover, Fed. R. Civ. P. 37(a) provides, in relevant part:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain court action.

Similarly, LCR 37 provides, in relevant part:

> Any motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference.

LCR 37. Plaintiff does not indicate in his motions that he complied with the meet and confer requirement and defense counsel denies that he has done so.

Accordingly, plaintiff's Motion for Submission of Evidence", (Dkt. 20) "Motion of Submission of Evidence as a Part of Discovery", (Dkt. 22) and "Motion for Production of Discovery" (Dkt. 21) are DENIED.

Plaintiff also filed a "Motion for Enlargement of Time of Dispositive Motions and Discovery" (Dkt. 25) in which he seeks a 90-day extension of the discovery and dispositive motions deadlines. Defendants indicate that they do not oppose plaintiff's request as they are working on responding to plaintiff's discovery requests and agree an extension is appropriate. Accordingly, plaintiff's "Motion for Enlargement of Time of Dispositive Motions and Discovery" (Dkt. 25) is GRANTED. The pretrial scheduling order is amended as follows: the discovery deadline is extended to July 6, 2021, and the dispositive motions deadline is extended

to August 6, 2021.

**CONCLUSION**

For the foregoing reasons:

- Plaintiff's Motion for Submission of Evidence", (Dkt. 20) "Motion of Submission of Evidence as a Part of Discovery", (Dkt. 22) "Motion for Production of Discovery" (Dkt. 21) are DENIED.

- Plaintiff's "Motion for Enlargement of Time of Dispositive Motions and Discovery" (Dkt. 25) is GRANTED. The pretrial scheduling order is amended as follows: the discovery deadline is extended to **July 6, 2021**, and the dispositive motions deadline is extended to **August 6, 2021**.

- The Clerk shall provide a copy of this order to the parties.

DATED this 3rd day of May, 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge